UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHELLE PROFICO,                    :     Civil No. 11-6961 (JEI/AMD)
                                     :
        Plaintiff,                   :
                                     :          **OPINION**
        v.                           :
                                     :
DELAWARE RIVER PORT AUTHORITY,:
and PORT AUTHORITY TRANSIT           :
CORPORATION,                         :
                                     :
        Defendants.                  :


**APPEARANCES:**

S. ROBERT FREIDEL, JR., ESQ.
University Executive Campus, Suite 303
151 Fries Mill Road
Turnersville, New Jersey 08012
        Counsel for Plaintiff

ARCHER & GREINER, P.C.
By:  Christopher R. Gibson, Esq.
     Douglas Diaz, Esq.
One Centennial Square
Haddonfield, New Jersey 08033
        Counsel for Defendants


**IRENAS,** Senior United States District Judge:

    Plaintiff Michelle Profico (formerly Michelle Girgenti)

brings this employment discrimination and retaliation suit

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq.[1]  Profico alleges that her employer, the Port
Authority Transit Corporation ("PATCO") and the Delaware River
Port Authority ("DRPA")[2] denied her a promotion on account of her
race (African American) and her gender (female).  She also
alleges that Defendants retaliated against her for making an
informal EEO complaint against her supervisor, unrelated to the
failure to promote claim.

Defendants presently move for summary judgment.  For the
reasons stated herein, the Motion will be denied as to the
failure to promote claim and granted as to the retaliation
claim.

**I.**

In January 2009, PATCO's Payroll Administrator retired,
creating a vacancy.  In February or March, Defendants issued a
vacancy notification seeking applicants for the position.
(Defs' Ex. 30; Pl's Ex. K)  The formal "Job Description /
Specifications" accompanying the notification required that

---

[1]  The Complaint also alleges violations of New Jersey's Law
Against Discrimination.  However, Plaintiff has withdrawn those
claims (Defs' Ex. 29), leaving only the Title VII claims.
    The Court exercises federal question subject matter
jurisdiction pursuant to 28 U.S.C. § 1331.

[2]  PATCO is a wholly-owned subsidiary of the DRPA, which is a bi-
state corporate instrumentality promulgated under the laws of
New Jersey, Pennsylvania, and the United States.  The parties do
not dispute that both PATCO and DRPA employ Profico.

applicants "must have a Bachelor's Degree in business or related field, or be currently enrolled in a degree program. (Must graduate within two (2) years of hire.)" (Pl's Ex. B)

It is undisputed that the original Payroll Administrator job description did not allow for completion of a bachelor's degree within 2 years of hire; rather all applicants were required to have already completed a bachelor's degree in order to qualify for the position. (Pl's Ex. I) PATCO's Human Resources representative, Denise Andrews, testified that in her 20 years of employment with PATCO, she had "never" seen another job description which allowed for completion of a degree within a certain time after being hired, and considered the change in the Payroll Administrator education description to be a "glaring item." (Andrews Dep. p. 46-47)

Eight people-- including Profico, who was, at the time, an Administrative Secretary at PATCO[3]-- applied for the position. (Pl's Ex. M)[4] Of the eight applicants, PATCO concluded that one woman did not meet the minimum educational requirement; therefore she was excluded at the beginning of the selection

---

[3]  Profico began working at PATCO as a Records Clerk in 1998. (Defs' Statement of Undisputed Facts ("P-SUF"), ¶ 15) In 2001, she was promoted to Administrative Secretary. (Id., ¶ 16)

[4]  To apply, each person completed DRPA's standard "Application for Promotion/Transfer" and attached a resume. (See, e.g., Pl's Ex. Q; Matheussen Dep. p. 8)

process. (Id.)  Another woman withdrew her name from consideration (P-SUF ¶ 44), thereby leaving six people-- three men and three women (including Profico)-- to interview for the spot.

PATCO used a uniform interview format.  Each applicant interviewed with the same panel of three people: James White (a black male); Thomas Omiatek (a white male); and Robert Gorman (a white male).  (P-SUF ¶¶ 19-22)  Additionally, Denise Andrews, a representative from PATCO's Human Resources Department, observed each interview "to ensure a fair process and that there [were] no violations of the Equal Employment Opportunity polices of the DRPA and PATCO."  (P-SUF ¶¶ 62-63)

An "interview sheet," with 15 questions specific to the Payroll Administrator position, guided the panelists in each interview.  (P-SUF ¶ 64)  The panelists and Denise Andrews also used their individual interview sheets to record their notes concerning each applicant's answers.  (P-SUF ¶ 67)

After all six interviews were completed, "the review panel drafted a memorandum summarizing the interviews." (P-SUF ¶ 78) While the interview summary did not numerically rank the applicants, nor recommend whom to hire (P-SUF ¶ 91), it did indicate whether the applicants had a "very good"; "good" or "fair" interview.  (Defs' Ex. 16)  The summary also included

other information about each applicant, including "Education/Relevant Certifications" and "Work Experience." (id.)

The interview summary was given to John Matheussen, who made the hiring decision based on the summary. (P-SUF ¶ 99) On June 24, 2009, Matheussen selected Brandy Brinkley, Acting PATCO Payroll Administrator (a white woman), for the vacancy. (Pl's Ex. P) He also simultaneously hired James Beach, PATCO Traffic Analyst (a white man), as Payroll Administrator for DRPA (Id.), even though no vacancy announcement had ever been posted for that position, and even the panelists did not know that they were interviewing applicants for such a position. (White Dep. p. 16-17; Omiatek Dep. p. 27-28; Gorman Dep. p. 14)

It is undisputed that neither Beach nor Brinkley had completed their bachelor's degree at the time they applied and were hired[5], while Profico held a Master's Degree in Business Administration.

Matheussen testified that, of all the information presented in the summary, he specifically considered the interview rating, supervisory experience, and present employment with PATCO when making his decisions to hire Brinkley and Beach, and not Profico. (Matheussen Dep. p. 34) He also testified that all

---

[5] The Interview Summary indicates that Brinkley had completed three years toward a bachelor's degree in accounting, and Beach had completed three years toward a bachelor's degree in business administration and was a "recent enrollee in University of Phoenix program." (Defs' Ex. 16)

three applicants were "qualified" because they met the minimum educational requirements. (Id. p. 31-35)

On September 28, 2009, Profico filed a Charge of Discrimination with the EEOC. (Defs' Ex. 23) The Charge alleged "discrimination based on sex and race" but did not allege retaliation. (Id.) In describing "the particulars" of the charge, Profico described the circumstances surrounding the promotion of Brinkley and Beach and the failure to promote her, and concluded by stating, "I believe that in violation of Title VII of the Civil Rights Act of 1964, as amended because of my sex (female) and my race (Black) I was denied a promotion to a position to which I was qualified." (Id.)

Although Profico was passed over for a promotion, she remained with PATCO in her current position. According to Profico, her problems with her supervisor, John Shea, began around August, 2009. (Pl's Ex. BB)

On August 7, 2009 Shea wrote Profico a formal memorandum, which was placed in Profico's personnel file, criticizing her for falling behind in her filing duties. (Pl's Ex. BB) Four days later, on August 11, 2009, Profico called PATCO's Office of Business Development and Equal Opportunity to complain about a "dismissive hand gesture" Shea made behind Profico's back after they had a disagreement over Profico's use of overtime. (Pl's Ex. DD) Approximately four months after Profico complained to

the EEO office, Shea gave her the worst annual performance evaluation she had ever gotten: an overall performance rating of 3.36 out of a possible 5.  (Pl's Ex. AA)[6]

Profico also asserts that after she complained to PATCO's EEO Office on August 11, 2009, Shea did nothing when, in his presence, another employee made a racist comment about Profico and her husband.  (Profico Dep. p. 83-84)

As stated *supra*, Defendants presently move for summary judgment on the two remaining claims of the Complaint: discrimination based on sex and race, and retaliation, both in violation of Title VII.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmoving party.  *See Boyle v. Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of

---

[6]  In previous annual evaluations, Profico had scored 4.04, 3.96, 3.93, 3.93, 3.93, and 3.63.  (Pl's Exs. U, V, W, X, Y, Z)  A score of 4 indicates that an employee "often exceeds expectations" and a score of 3 indicates that an employee "meets expectations."  (Id.)

material fact remains.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 252.

## III.

The Court first addresses the failure to promote claim before turning to the retaliation claim.

## A.

Both parties apply the *McDonnell Douglas/Burdine* burden shifting analysis to the failure to promote claim.  Thus, they agree that Profico must first establish a *prima facie* case of discrimination, which in this case means she must establish that: (1) she is a member of a protected class; (2) she was qualified for the position at issue; (3) she was not promoted; and (4) Defendants filled the spot with a similarly situated applicant who was not of Profico's protected classes.  *See Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *Ezold v. Wolf, Block, Schorr and Solis-Cohen,* 983 F.2d 509, 523 (3d Cir. 1992).

Defendants assert that Profico's prima facie case fails because the "lead person" on the interview panel, James White, was black, and the PATCO Payroll Administrator position was undisputedly filled by a woman.

As to the first argument, the undisputed fact that one of three interviewers was also black is not relevant to the *prima facie* case inquiry. The first three prongs of the prima facie case focus on a plaintiff's characteristics, and the fourth prong focuses on the other applicants' characteristics. None of the prongs look to the identity or characteristics of an interviewer, or even a decisionmaker for that matter. As a matter of law, Profico's *prima facie* case does not fail simply because James White is also black.[7]

As to the second argument, the factual circumstances of this case are rather unique. Viewing the record in the light most favorable to Profico, a reasonable factfinder could conclude that Matheussen simultaneously decided to hire both Beach (a white male) and Brinkley (a white woman) for the one position for which Profico applied. Thus, under these circumstances, Profico's *prima facie* case of gender discrimination does not fail, even though Defendants promoted a

---

[7] This fact is, at least to some extent, relevant to the ultimate question of whether Defendants discriminated against Profico. The Court only holds that the identity of an interviewer is not relevant to Plaintiff's *prima facie* case under the *McDonnell Douglas/Burdine* analytical framework.

woman, because Defendants simultaneously promoted a man as well. *See Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3d Cir. 2000) ("evidence that [an employer] afforded a White female an assignment that it denied to a Black female hardly defeats a claim of race/gender discrimination brought by a Black female.").

Turning to the second step of the *McDonnell Douglas/Burdine* burden shifting analysis, Profico does not dispute that Defendants have put forth a legitimate nondiscriminatory reason for promoting Beach and Brinkley and not Profico. *See Fuentes*, 32 F.3d at 763 ("If the plaintiff succeeds [in establishing a *prima facie* case], the burden of production shifts to defendant to articulate some legitimate, nondiscriminatory reason for the unfavorable employment decision."). Matheussen, the undisputed decisionmaker, testified that he made his decision based on the applicants' interview rating, supervisory experience, and present employment with PATCO. (Matheussen Dep. p. 34)

Thus, the burden shifts back to Profico to point to record evidence of pretext. *See Fuentes*, 32 F.3d at 764. The Court concludes that Profico has met her summary judgment burden in this regard.

Profico argues, and the Court agrees, that the record evidence, viewed in the light most favorable to Profico, supports the reasonable conclusion that Defendants took the

unprecedented step of changing the minimum educational requirements of the Payroll Administrator position so as to make Beach and Brinkley qualified for a position for which they otherwise would not be qualified.[8]

Indeed, if Defendants had not changed the minimum educational requirements, a reasonable juror could find that Profico would have been selected for the promotion. If Defendants had not changed the bachelor's degree requirement, three of the applicants who were interviewed would have been disqualified (Brinkley, Beach, and Eileen Cummings), thereby leaving three qualified applicants: Profico, Daniel Baselice, and Joseph McGonigle. (Defs' Ex. 16) Of these three, only two-- Profico and McGonigle-- were current PATCO employees (id.), which Matheussen testified was a positive factor he considered

---

[8]  Defendants argue that a reasonable factfinder could not conclude that Defendants changed the job qualifications with Beach and Brinkley in mind because the job description was revised two months before Beach and Brinkley submitted their applications.  The Court concludes that the undisputed timing of the revision relative to the submission of Brinkley and Beach's applications does not preclude a finding that Defendants changed the educational requirements so as to include Brinkley and Beach in the pool of qualified applicants.

First, it is undisputed that Brinkley was the Acting Payroll Administrator at the time. (Defs' Ex. 16) Thus, a factfinder could infer that Defendant reasonably anticipated that Brinkley would apply to remain in the position she currently held.

Second, the coincidence of the job description revision and the promotion of two current employees, both of whom would not have been qualified prior to the revision, alone is enough to support a reasonable inference that Defendants made the change with Beach and Brinkley in mind.

in deciding whom to promote (Matheussen Dep. p. 34). Because Matheussen ultimately hired two people for the Payroll Administrator position, a reasonable juror could conclude that but for the unprecedented change in educational requirements,[9] Defendants would have promoted Profico and McGonigle.

This record evidence, and the reasonable inferences drawn therefrom, sufficiently cast doubt upon Defendants' reasons for not promoting Profico, namely that Beach and Brinkley were determined to be better qualified for the Payroll Administrator position. Defendants' Motion for Summary Judgment will be denied as to the failure to promote claim.

**B.**

Defendants move for summary judgment on the Title VII retaliation claim asserting that Plaintiff failed to exhaust her administrative remedies as to that claim. The Court agrees.

---

[9] Not only was the change unprecedented, a reasonable juror could conclude that while Defendants stated that qualified applicants must obtain their bachelor's degree within two years of hire, they never really intended to enforce the requirement. As Profico observes, the formal offer letters sent to Brinkley and Beach, which specifically state that their "promotion is subject to successfully serving a six month orientation period" (Pl's Ex. S), say nothing about completing their bachelor's degree within two years of their promotion. (Id.) Moreover, James Beach testified that no one from DRPA has asked him about his degree status since being promoted to Payroll Administrator, and as of November, 2012 (i.e., more than three years after he was promoted) he was still "two to three years" away from obtaining his degree. (Beach Dep. p. 23, 19)

The issue is whether Profico's retaliation claim is "fairly within the earlier EEOC complaint" charging Defendants' failure to promote her. *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). *See also Webb v. City of Philadelphia,* 562 F.3d 256, 263 (3d Cir. 2009) ("we have held the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (internal citation and quotation omitted). The Court concludes that Profico's retaliation claim is not within the scope of her Charge of Discrimination.

There is no factual overlap between Profico's failure to hire claim and her retaliation claim. Profico alleges that John Shea took adverse employment actions against her in retaliation for activity allegedly protected by Title VII, yet nothing in the record, and certainly nothing in the Charge of Discrimination, indicates that he had anything to do with Defendants' failure to promote Profico.

Recognizing this weakness in Plaintiff's case, Plaintiff attempts to connect the failure to hire and retaliation claims, arguing, "[i]t is true, Plaintiff's EEOC complaint alleges race and gender discrimination based on Defendants' failure to promote her to payroll administrator. Her retaliation claim, however, also implicates conduct that arguably affects her

ability to obtain a promotion or transfer at PATCO or DRPA in the future." (Opposition Brief, p. 21)

Plaintiff's argument fails. Even assuming *arguendo* that Shea's asserted retaliatory actions could prevent a future promotion, there is still no connection between Shea's actions and the failure to promote Plaintiff to Payroll Administrator in 2009, which is the relevant inquiry.

Accordingly, summary judgment will be granted to Defendants as to the retaliation claim.[10]


## IV.

For the foregoing reasons, Defendants' Motion for Summary Judgment will be denied as to the failure to promote claim and granted as to the retaliation claim. An appropriate Order accompanies this Opinion.


June 27, 2013                          ___s/ Joseph E. Irenas_____
                                       Joseph E. Irenas, S.U.S.D.J.

---

[10]  The Complaint alleges an additional theory of retaliation: that Defendants did nothing to stop personnel from "harassing" Profico in retaliation for filing the formal Charge of Discrimination with the EEOC on September 28, 2009. (*See* Compl. ¶ 18)  Plaintiff's brief ignores this theory.  Moreover, there are no facts in the present record which would support a causal connection between the filing of the EEOC Charge of Discrimination and the alleged harassing / management's failure to stop the harassing.  There is no evidence from which a reasonable factfinder could infer that the personnel alleged to have harassed Profico, nor John Shea who allegedly turned a blind eye to the harassing, knew about the Charge of Discrimination during the relevant time period.  Accordingly, summary judgment is also granted to Defendants on this theory of retaliation.